UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER ENGLAND,

     Plaintiff,

v.                                    CASE NO. 8:23-cv-1472-SDM-SPF

CHRISTOPHER DUDLEY, *et al.*,

     Defendants.

_____/

**O R D E R**

England's complaint alleges that the defendants violated his civil rights by using excessive force during his arrest. An earlier order (Doc. 4) grants England leave to proceed *in forma pauperis*. The Prisoner Litigation Reform Act ("PLRA") requires dismissal of an *in forma pauperis* prisoner's case "if the allegation of poverty is untrue" or if the case "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), service on some of the defendants is not warranted and England must file an amended complaint.

England is advised that, although the factual allegations in a *pro se* complaint (including all reasonable and direct inferences) are accepted as true, *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007), the factual allegations and reasonable inferences must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and must provide "more than labels and conclusions [or] a formulaic recitation of the elements of the cause of action . . . ." *Twombly*, 550 U.S. at 555.  Also, the complaint must both contain "well-pleaded facts" and assert specific wrongful conduct because "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'  Fed. Rule Civ. Proc. 8(a)(2)." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n.43 (11th Cir. 2008), explains that "*Twombly* [i]s a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)." *Twombly* specifically applies to a Section 1983 prisoner action.  *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008).

England sues the Polk County Sheriff's Office and five named deputies. England alleges (1) that Deputies Skidmore and Burns "tased" him repeatedly and kicked him in the head and in the side, (2) that Deputies Dudley and Coquyt commanded their dogs to bite him while he was detained and on the ground, (3) that Deputy Von Leue "help[ed] these officers do these crimes against me," and (4) that "the Polk County Sheriff's Office had a hand in it by letting them do it." (Doc. 1 at

9)  These facts are insufficient to state a claim of personal, direct involvement by Deputy Von Leue.  Also, As *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 700–01 (11th Cir. 2013),* explains, a "sheriff's office" is not a legal entity subject to suit:

> Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992). Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued. Thus, the district court did not err by dismissing Faulkner's claim against MCSO because MCSO is not a legal entity with the capacity to be sued under Florida law. *See Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. Dist. Ct. App. 1995) (noting that the municipality, not the police department, had the power to sue and be sued under Florida law).

Consequently, the complaint fails to state a claim against Deputy Von Leue, and England cannot pursue a claim against the Polk County Sheriff's "Office."

England must file an amended complaint, which must be complete because an amended complaint supersedes the original complaint and, as a consequence, "specific claims made against particular defendants in the original complaint are not preserved unless they are also set forth in the amended complaint." *Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009).  *See Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal rules, an amended complaint supersedes the original complaint.").  *See also Lane v. Philbin*, 835 F.3d 1302 n.1 (11th Cir. 2016) (describing as "irregular" a district court's construing

---

* "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

together both an original and an amended complaint).  In other words, the amended complaint must state each claim without reliance on allegations in the earlier complaint.

The complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** to the filing of an amended complaint within **THIRTY (30) DAYS**.  The failure to timely file an amended complaint will result in the dismissal of this action without further notice.  The clerk must send to England the required civil rights complaint form.

### A CAUTION TO MR. ENGLAND

Litigation in federal court is difficult and requires timely compliance with applicable rules, including the Federal Rules of Civil Procedure, the Local Rules, the Federal Rules of Evidence, and several procedural, discovery, and other orders. A judge cannot assist a party, even a *pro se* party, in conducting an action, and a plaintiff enjoys only a limited opportunity to amend the complaint.  Therefore, England is strongly advised — before amending the complaint — to obtain legal advice and assistance from a member of The Florida Bar.

ORDERED in Tampa, Florida, on July 13, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

- 4 -